FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2019 FEB 15 PM 3:35

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STEVEN R. CARLSON,

Defendant.

8:17CR309

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney, Michael P. Norris, Assistant U.S. Attorney, William M. Grady, Department of Justice Trial Attorney, and defendant, Steven R. Carlson, and Kelly M. Steenbock, counsel for defendant, as follows:

# I
# THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges the production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

   1. The United States will dismiss Counts II and III at the time of sentencing.

# II
# NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

   1. At the time alleged, K. M.-W., a minor, was under the age of eighteen years;

   2. The defendant knowingly employed, used, persuaded, induced, and enticed, K. M.-W. to engage in sexually explicit conduct;

1

3.  The defendant acted with the purpose of producing a visual depiction of such conduct; and

4.  The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.  In July 2016, a Douglas County, Nebraska, resident turned into the Douglas County Sheriff's Office (DCSO) a flip phone found in a yard in her neighborhood. The resident said the phone contained multiple images of child pornography and several images depicting a nude male with a stud pierced penis.

2.  Following receipt of a warrant to search the phone, the DCSO reviewed the phone and identified at least 20 images of children, ranging in approximate age from infant up to 12-years. Several additional images depicted prepubescent females wearing only their underwear and exposing their undeveloped breasts. Two images appeared to have been cropped or manipulated so that both an image of a nude, prepubescent child approximately 2-3 years old and the white male's face were in the picture together, with him grinning while looking in the direction of the child. The DCSO also discovered on the flip phone several images depicting an adult's erect penis pierced with a metal stud. The white male's face was that of the defendant.

3.  Additional identifying information and evidence found on the phone led DCSO to Steven Carlson, a resident of Omaha, Nebraska. In August 2016, Task Force officers executed a federal search warrant at Carlson's Omaha residence authorizing the seizure of electronic and digital media. Carlson was present during the search. Carlson agreed to speak with law enforcement and identified the flip phone as belonging to him. After an officer showed him several of the images from the phone, Carlson acknowledged the man depicted was he and said the nude infant images were from a book he owned.

4.  Task Force officers later examined the digital media seized from Carlson during the search, which resulted in the discovery of at least 500 unique images depicting child sexual abuse material, including depictions of prepubescent females ranging in age from infants to about seven years old where the focal points of the images were the pubic areas of the children.

Law enforcement also identified on an LG 306G cell phone five videos and several images that were captured by Carlson in his Omaha, Nebraska, residence in May 2016. The images and videos depict Carlson engaging in forcible, sexual acts with a female who was later confirmed to be a 13 year old, nonverbal female with severe autism.

5. When later confronted by law enforcement with the videos, Carlson initially identified the female as his girlfriend but eventually admitted to engaging in sexual acts with the autistic minor and confirmed his knowing that she was a minor at the time. Carlson claimed the sex was consensual because "she didn't mind it" even though he admitted she could not communicate very well.

6. In October 2008, Carlson was charged in Nebraska by criminal complaint with the felony of Third Degree Sexual Assault of a Child (R.R.S. Neb. §§ 28-320.01(1) and (3)) for engaging in sexual contact with a 13 year old female. In 2009, Carlson ultimately pleaded guilty to a lesser offense of Third Degree Sexual Assault without Consent (R.R.S. Neb. §§ 28-320(1) and (3)), an offense relating to the "aggravated sexual abuse, sexual abuse, or sexual abuse of a minor or ward."

## III

## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum of 50 years in prison; and a mandatory minimum of 25 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count with an additional $5,000 special assessment if the defendant is found to be non-indigent; and
4. A term of supervised release of not less than 5 years up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

V

## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of not less than 30 years and not more than 35 years. The district court remains free to impose a term of supervised release and restitution as it deems appropriate. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

1.   If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

   (a) As provided in Section I above, (if this is a conditional guilty plea); and

   (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

   (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

   (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

5

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

_2/15/19_
Date

_____
MICHAEL P. NORRIS
ASSISTANT U.S. ATTORNEY

_2/15/19_
Date

_____
WILLIAM M. GRADY
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE

_1/15/19_
Date

_____
STEVEN R. CARLSON
DEFENDANT

_1/15/19_
Date

_____
KELLY M. STEENBOCK
COUNSEL FOR DEFENDANT

7